UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

CRIM. NO. 01-80571

HON. JOHN CORBETT O'MEARA

v.

D-4 ICHARD ODEN,
D-8 PORTIA JONES,
Defendants.
_____/

# ORDER

Before the court are five pending motions from Defendants. They include the following: (1) motion to sever; (2) motion to strike prejudicial surplusage from the fourth superseding indictment; (3) motion to compel compliance with the court's April 15, 2002 order to produce Brady and Giglio material; (4) motion to compel compliance with the court's April 15, 2002 order to produce a bill of particulars; and (5) motion for witness lists and list of exhibits. The motion to strike prejudicial surplusage was filed July 18, 2008. The rest were filed on July 2, 2008. Oral argument was held on August 28, 2008. For the reasons stated below, the court denies the motions.

Initially, the court holds that the motions to compel compliance with the order to produce Brady and Giglio material, and a bill of particulars, as well as the motion for witness lists and a list of exhibits, are moot, and therefore denied. The parties have apparently settled their differences on these motions, and the court fully expects them to continue their professional cooperation in meeting this court's requirements. If there are any complications, they can be addressed at a later date, prior to trial.

The remaining motions are contested. Defendant Jones argues that she will be unjustly prejudiced if she is forced to go to trial jointly with Defendant Oden. The court disagrees. "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993); see also United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995) (judicial economy is an appropriate consideration in deciding to deny severance). Accordingly, severance is only warranted when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

There is nothing on the record that shows the strong likelihood that a jury would inappropriately assign bias against Defendant Jones because of the allegations against Defendant Oden. As Defendants admit, the evidence will likely be light in volume, especially against Defendant Jones. Further, with just two defendants to consider, a jury should be able to handle the allegations and evidence without imparting prejudice or bias against Jones because of Oden's alleged actions. At the very least, keeping this matter a single trial will promote judicial efficiency and resources.

Defendants also argue that this court should strike prejudicial surplusage from a fourth superceding indictment. In Count 1 of the indictment, Jones and Oden challenge the following language:

> It was further part of the conspiracy that RAYMOND CANTY and MILTON "BUTCH" JONES would identity rival drug traffickers to target them for armed robberies in which controlled substances or the proceeds of the distribution of controlled substances would be stolen. RAYMOND CANTY and BUTCH JONES would also identify drug traffickers or their relatives and associates to be kidnaped and held fo ransom (in the form of controlled substances or the proceeds from the distribution of controlled substances). It was further part of the ways and means of the conspiracy that RAYMOND CANTY and BUTCH JONES killed, or caused the intentional killing of others, to further

their drug trafficking interests.

They speculate that the language is irrelevant to the charges they face and that it will unjustly prejudice a jury against them. Again, this court disagrees. In the case at bar, the language is relevant from the standpoint that it reflects on the drug conspiracy charged against the Defendants, and how they interacted with the alleged leaders of that conspiracy, Butch Jones and Raymond Canty. Although the language alleges horrific acts committed as part of the conspiracy, it does not do so in a prejudicial fashion. It merely describes the means and methods of the alleged conspiracy.

## **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants' motions are DENIED.

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: September 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 10, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager